**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FREDDY ALEXANDER MAITA BARRIOS,**<br>**Petitioner,**<br><br>**v.**<br><br>**MARY DE ANDA YBARRA,**<br>*Regional D. Ofice [sic], et al.*,<br>**Respondent.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00786-DB** |
| **FREDDY ALEXANDER MAITA BARRIOS,**<br>**Petitioner,**<br><br>**v.**<br><br>**MARY DE ANDA YBARRA,**<br>*Regional D. Ofice [sic]*, *et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP- 26-CV-01683-DB** |
| **FREDDY ALEXANDER MAITA BARRIOS,**<br>**Petitioner,**<br><br>**v.**<br><br>**MARY DE ANDA YBARRA,**<br>*Regional D. Ofice [sic]*, *et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01811-DB** |
| **FREDDY ALEXANDER MAITA BARRIOS,**<br>**Petitioner,**<br><br>**v.**<br><br>**MARY DE ANDA YBARRA,**<br>*Regional D. Ofice [sic]*, *et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-02039-DB** |

**ORDER**

On this day, the Court considered the above-captioned case. On March 20, 2026, Petitioner Freddy Alexander Maita Barrios filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"), ECF No. 3.[1] On March 30, 2026, the Court issued an "Order," ECF No. 11, granting the Petition in part on due process grounds, and ordering Respondents to provide Petitioner with a bond hearing. On April 2, 2026, Petitioner received a bond hearing before Immigration Judge ("IJ") Dean Tuckman. ECF No. 18–1. During the hearing, the IJ denied Petitioner bond, finding Respondents had met their burden as to demonstrating danger to the community based on Petitioner's criminal history. *Id.* Thereafter, Petitioner attempted to file three new habeas petitions. *See* Application to Proceed in Dist. Ct. Without Prepaying Fees or Costs, *Maita Barrios v. Regional D. Ofice*, No. 26-CV-01683-DB (W.D. Tex. Jun. 18, 2026), Dkt. 1; Application to Proceed in Dist. Ct. Without Prepaying Fees or Costs, *Maita Barrios v. Regional D. Ofice*, No. 26-CV-01811-DB (W.D. Tex. July 2, 2026), Dkt. 1; Application to Proceed in Dist. Ct. Without Prepaying Fees or Costs, *Maita Barrios v. Regional D. Ofice*, No. 26-CV-02039-DB (W.D. Tex. July 31, 2026), Dkt. 1.

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate actions pending before it if they involve a common question of law or fact. FED. R. CIV. P. 42(a); *Hall v. Hall*, 584 U.S. 59, 77 (2018). When deciding whether to exercise that discretion, courts consider factors including (1) whether the actions are pending before the same court; (2) whether common parties are involved; (3) whether any risk of prejudice or confusion is

[1] All references in this Order are to the docket in case EP-26-CV-00786-DB unless otherwise noted.

outweighed by the risk of inconsistent adjudications; and (4) whether consolidation will conserve judicial resources. *Clark v. PNC Bank*, N.A., No. 5:13-cv-799-XR, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013) (citation omitted). Consolidation alone "does not merge suits into a single cause[] or change the rights of the parties." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Because "merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately," courts must issue independent "verdicts and judgments" for consolidated cases. *Hall*, 584 U.S. at 76 (quotation omitted).

Here, all factors weigh in favor of consolidation. The allegations contained in each of the new petitions are indistinguishable from those raised in the original Petition, and the relief requested is the same. All of the cases are pending before this Court. Petitioner is the same individual in all cases, and the claims raised in each are brought against actors in the federal government who are responsible for Petitioner's detention. Consolidating the cases would alleviate any potential confusion, streamline the adjudication of all claims, and conserve judicial resources. Accordingly, it is appropriate to consolidate Petitioner's new case into EP-26-CV-00786-DB.

Accordingly, **IT IS HEREBY ORDERED** that case EP-26-CV-01683-DB, EP-26-CV-01811-DB, and EP-26-CV-02039-DB be **CONSOLIDATED** into case EP-26-CV-00786-DB.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** this Order in EP-26-CV-00786-DB, EP-26-CV-01683-DB, EP-26-CV-01811-DB, and EP-26-CV-02039-DB.

**IT IS FURTHER ORDERED** that the District Clerk's Office may take any additional steps necessary to effectuate this consolidation.

**IT IS FURTHER ORDERED** that the parties shall **FILE** all future filings in case EP-26-CV-00786-DB.

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL MAIL** a copy of this order to Petitioner's address on file.

**SIGNED** this **24th** day of **August 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**